UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| AL-MAHDI MOHAMMED,<br><br>Plaintiff,<br><br>vs.<br><br>MAIL CONTRACTORS OF AMERICA,<br><br>Defendant. | : | Case No. 1:04-cv-715<br><br>Magistrate Judge Timothy S. Black |

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO AMEND OR CORRECT ITS ANSWER (Doc. 21); (2) DENYING DEFENDANT'S MOTIONS TO DISMISS AND/OR FOR SANCTIONS (Docs. 14, 20); (3) PLACING PLAINTIFF ON NOTICE THAT A FAILURE TO PROSECUTE OR TO COOPERATE IN DISCOVERY MAY RESULT IN DISMISSAL WITH PREJUDICE; (4) GRANTING PLAINTIFF'S REQUEST FOR ADDITIONAL TIME; AND (5) DIRECTING THE PARTIES TO FILE A JOINT STATUS REPORT.**

This is an employment discrimination brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. The case is now before the Court on defendant's motion to dismiss or, alternatively, motion for sanctions (Doc. 14), defendant's supplemental motion to dismiss or for sanctions (Doc. 20), and defendant's motion for leave to amend or correct its Answer (Doc. 21).

## I. BACKGROUND AND PROCEDURAL HISTORY

In a *pro se* complaint filed on October 21, 2004, plaintiff alleged that defendant discriminated against him on the basis of race and religion when it refused to hire him as

a truck driver. (*See* Doc. 1.) On June 16, 2005, defendant filed a motion to dismiss or for sanctions on the ground, *inter alia*, that plaintiff failed to appear for a scheduled deposition. (*See* Doc. 14.)

Because plaintiff did not respond to the motion to dismiss, the Court issued an Order directing plaintiff to show cause why the motion should not be construed as unopposed and this action dismissed for lack of prosecution. (*See* Doc. 19.) Plaintiff did not respond to the Order to Show Cause.

On July 26, 2005, defendant filed a supplemental motion to dismiss or for sanctions based on additional grounds that, while plaintiff did appear for a subsequent deposition, he arrived 90 minutes late and failed to bring certain documents with him as he had agreed to do. (*See* Doc. 20.) On July 27, 2005, defendant filed a motion seeking leave to amend or correct its answer. (Doc. 21.) Plaintiff did not file a response to either motion.

After plaintiff failed to respond to the second motion to dismiss or to the Order to Show Cause, this Court entered a second Order directing plaintiff to show cause why the motions for dismissal should not be construed as unopposed, and granted, and this case be dismissed for lack of prosecution. (*See* Doc. 24.)

On November 8, 2005, plaintiff filed a response to the second Order to Show Cause explaining in part that he did not receive the first Order to Show Cause and that he did not understand that he was required to file his response to defendant's motions with the Court. (*See* Doc. 25.) Plaintiff's response to the second Order to Show Cause is

construed as his response to the motions to dismiss.

Defendant has filed a reply. (Doc. 26.) The motions are ripe for review.

## II. DISCUSSION

### A. Defendant's Motion to Amend or Correct its Answer

First, defendant seeks leave to amend or correct its answer. In the absence of any opposition to the motion, for good cause shown, and because leave to amend "shall be freely granted when justice so requires," Fed. R. Civ. P. 15(a); *Moore v. City of Paducah,* 790 F.2d 557, 559-60 (6th Cir. 1986), defendant's motion to amend or correct its answer (Doc. 21) is **GRANTED**.

Defendant's counsel is **DIRECTED** to **FILE** the Amended Answer electronically with the Court.

### B. Dependant's Motions To Dismiss or, in the Alternative, Motions for Sanctions.

Next, defendant seeks an order dismissing this case for lack of prosecution.

It is well established that the court has discretion to dismiss a case in its entirety, with prejudice, where a plaintiff has failed to comply with orders of the court or has engaged in a clear pattern of delay. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).; *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *see also Murray v. Target Dept. Stores*, 56 Fed. Appx. 246, 246-47 (6th Cir. Feb 14, 2003) (affirming dismissal of employment discrimination case for lack of prosecution where plaintiff failed to comply with orders of the court or to further the prosecution of her case).

Dismissal may also be based on a failure to provide discovery and is expressly authorized by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(b)(2)(C), (c)((1); *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 210 (1958). Rule 37(b) requires, however, that a court order to provide discovery be in effect before sanctions are imposed. Fed. R. Civ. P. 37(b).

In any event, the sanction of dismissal is regarded as "a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614-15 (6th Cir. 1998); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980). When contemplating an order of dismissal, a district court should consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the party to be dismissed has been warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions have been imposed or considered. *See Stough*, 138 F.3d at 615. In particular, the dismissal of a *pro se* lawsuit ordinarily should not be effected merely upon the basis of misunderstanding. *Kimsey v. Russell*, No. 87-4128, 1988 WL 136540, at *2 (6th Cir. Dec. 21, 1988) (*per curiam*) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986)).

Defendant alleges, *inter alia*, that plaintiff failed to follow through on an initial promise to appear for a deposition on April 27, 2005, that he failed to notify defendant's counsel of his unavailability, and that he caused defendant's counsel to incur unneeded

costs and expenses. (*See* Doc. 14, Ex. 5, ¶¶ 12-13.) Defendant further alleges that plaintiff subsequently appeared for a deposition on July 25, 2005, but arrived an hour and a half late, thereby causing counsel to incur additional costs. Defendant asks for an award of the costs related to these occurrences. (*See* Docs. 20, 26.)

In response, plaintiff admits that he did not appear for the first deposition but denies that he was late for the second. (*See* Doc. 25.) He further alleges that he has produced all documents requested. (*See id.*) In sum, he explains that the perceived lack of cooperation is instead the result of a misunderstanding of what was expected of him.

Under the facts and circumstances of this case, dismissal and/or other sanctions are premature and improper.

First, the circumstances do not compel a finding that this is an "extreme situation[] showing a clear record of contumacious conduct by the plaintiff." *See Stough*, 138 F.3d at 614-15. Second, plaintiff has evidenced an intent to prosecute this case. He has submitted to a deposition and alleges that he has attempted to comply with other discovery requests. Third, there is no prior order in this case compelling plaintiff's cooperation upon which to base the imposition of a sanction under Fed. R. Civ. P. 37(b).

Accordingly, **IT IS HEREIN ORDERED** that defendant's motion to dismiss or, alternatively, motion for sanctions (Doc. 14) and defendant's supplemental motion to dismiss or for sanctions (Doc. 20) are **DENIED**.

**C. Plaintiff's Request for "Sufficient Time To Obtain an Attorney."**

In his response to the Court's Order to Show Cause, plaintiff included a request

that the Court grant him "sufficient time to obtain an attorney." (Doc. 25 at ¶ 5.)

A review of the record shows that this case was filed on October 21, 2004, more than one year ago. (*See* Doc. 1.) According to the joint discovery plan, the parties anticipated that discovery would be completed by July 4, 2005 and that this matter would be ready for trial in November 2005. (*See* Doc. 9.) Although plaintiff initiated this action *pro se*, he has not been prevented in any way from seeking legal representation during the pendency of this action. Thus, his request for additional time in which to obtain counsel is not well-taken.

Further review of the record, however, shows that the calendar order entered on January 18, 2005 has since been vacated. (*See* Docs. 11, 24.) Plaintiff's request is therefore construed as a request for a new calendar order and, as such, is granted.

Therefore, the parties are **HEREIN ORDERED** to **SUBMIT** a Joint Status Report advising the Court:

(1) what additional time, if any, is required for the completion of discovery;

(2) what additional time, if any, is required for the filing of dispositive motions; and

(3) the recommended date (month and year) when the parties expect to be ready for trial.

The parties **SHALL FILE** their Joint Status Report **on or before January 31, 2006**.

**IT IS SO ORDERED**.

Date: 12/22/05

s/Timothy S. Black
Timothy S. Black
United States Magistrate Judge