UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| AL-MAHDI MOHAMMED, | : | Case No.  1:04-cv-715 |
| | : | |
| Plaintiff, | : | Black, M.J. |
| | : | |
| vs. | : | |
| | : | |
| MAIL CONTRACTORS OF AMERICA, | : | |
| | : | |
| Defendant. | : | **ORDER** |

This consent case is before the Court on a motion by defendant, the prevailing party in this employment discrimination action, for an award of attorney's fees pursuant to 42 U.S.C. § 2000e-5(k).[1]  (Doc. 63.)  Plaintiff has not filed a response to the motion for an award of fees.

As a general rule, a prevailing defendant in a Title VII case may be awarded attorney's fees only when the district court finds that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. Equal Employment Opportunity Comm'n,* 434 U.S. 412,

---

[1] Section 2000e-5(k) provides:

In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k).

421 (1978); *Kasuri v. St. Elizabeth Hosp. Med. Ctr.*, 897 F.2d 845, 854 (6th Cir. 1990). The Sixth Circuit has also found that a prevailing defendant may be awarded fees in a Title VII case where the plaintiff "continued to litigate after it became clear that [his] claim was frivolous, unreasonable or without foundation." *Balmer v. HCA, Inc.*, 423 F.3d 606, 615 (6th Cir. 2005) (citing *Christianburg Garment Co.*, 434 U.S. at 421-22).

The Court finds, for the reasons stated in the memorandum opinion granting summary judgment in favor of defendant (*see* Doc. 60), that plaintiff's actions in pursuing this case were without foundation, and that after it became clear that his claim was without foundation, his decision to continue the litigation was likewise unreasonable and in bad faith. As previously found by this Court:

> Plaintiff (or someone on his behalf) . . . created Exhibit E, a fake document, in an attempt to prove Plaintiff's case. Such fraud and trickery is unconscionable. It undermines the very purpose of our judicial system, and it wastes the time and resources of the Court and the opposing party.
>
> Mohammed has no proof whatsoever of pretext relating to racial or religious discrimination beyond his own fraudulent assertions. No reasonable jury could infer race or religious discrimination based upon this record and in light of Mohammed's obvious effort to defraud the Court.

(Doc. 60 at p. 6.)

Accordingly, upon the defendant's petition for attorneys fees, the Court finds that an award of fees is proper.

Next, the Court must determine whether the $79,083.50 award amount sought by defendant is reasonable.

A useful starting point for determining the amount of a reasonable fee is the lodestar, calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (reviewing a fee award under 42 U.S.C. § 1988); *see also Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (finding that the standard is the same for fees awarded under general federal civil rights statute, Title VII, and/or any other federal enactment which empowers a court to bestow recovery of attorney fees upon a "prevailing party").  Where the party seeking the fee has established that the number of hours and the rate claimed are reasonable, the lodestar rate is presumed to be the reasonable rate to which counsel is entitled.  *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986).

Counsel for the prevailing party must make a good faith effort to exclude from a fee application hours that are excessive, redundant, or otherwise unnecessary.  *See Hensley*, 461 U.S. at 434.  Moreover, <u>detailed documentation is required to support the hours claimed to have been spent on the litigation</u>.  The documentation offered must be of "sufficient detail and probative value to enable the Court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation."  *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984).

Additionally, in accordance with Supreme Court and Sixth Circuit decisions, this Court has typically required affidavits or other documentation in support of an attorney's requested hourly rates and number of hours reasonably expended. *See Blum v. Stenson*, 465 U.S. 886, 896 n.1 (1984); *Glover v. Johnson*, 934 F.2d 703, 716 (6th Cir. 1991). The court determines whether a requested hourly rate is reasonable by reference to the prevailing market rate, *i.e.*, the rate that is customarily paid in the community to attorneys of reasonably comparable skill, experience, and reputation. *See Blum*, 465 U.S. at 896 n.11; *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995).

Time spent preparing and litigating an attorney fees petition is also compensable. *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986), *cert. denied*, 482 U.S. 914 (1987).

Defendant in the present case seeks an award of $79,083.50 based on 508.2 hours allegedly expended by 10 attorneys and unidentified law clerks and paralegals. (*See* Doc. 63, Ex. A.) The exhibit in support of the motion, however, is not sufficiently detailed to allow the Court to determine "with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation," *see United Slate, Tile & Composition Roofers*, 732 F.2d at 502 n.2, or to demonstrate that the requested hourly rates are reasonable.[2]

---

[2] The Court is familiar with the experience and excellence of defendant's local counsel, and their hourly rates are reasonable, and their minimal time appears reasonable too, upon a verified filing. While Arkansas counsel's hourly rate is reasonable in light of local counsel's reasonable rates, Arkansas counsel has not evidenced to the Court the nature of the 480 hours sought.

Accordingly, for the reasons stated, **IT IS HEREIN ORDERED** that the motion for an award of attorney's fees (Doc. 63) is **PROVISIONALLY GRANTED**, with the amount of the award to be determined later.  Within **TEN (10) DAYS** of the date of this Order, Defendant **SHALL SUBMIT** an affidavit and verified evidence in support of its claim for fees.

Within **TEN (10) DAYS** of the filing date of the affidavit, Plaintiff **SHALL SHOW CAUSE** in writing why Defendant should not be awarded its requested fees.

**IT IS SO ORDERED.**


Date:  5/2/07                           s/Timothy S. Black
                                        Timothy S. Black
                                        United States Magistrate Judge